Citation Nr: 1725242 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 10-27 279 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a disability rating in excess of 60 percent for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

J.N. Moats, Counsel


INTRODUCTION

The Veteran served on active duty from February 1958 to February 1960.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In June 2013, the Veteran testified before the undersigned Veterans Law Judge at a hearing held at the RO. A transcript of that hearing is associated with the record. 

The Board previously remanded this claim or further development in July 2013 and March 2014. The Board notes that it previously directed the Agency of Original Jurisdiction (AOJ) to afford the Veteran a VA examination. The Veteran was afforded a VA examination in August 2013. Moreover, he was most recently scheduled for a VA examination in August 2015; however, a notation in the record indicates that the Veteran refused this examination. A subsequent September 2015 Report of General Information stated that when the AOJ inquired about why the Veteran refused the examination, his wife indicated that he was currently rated as totally disabled (100 percent) and did not need to go to the examination. As such, at this time, the Board finds that it would be futile to schedule the Veteran for any future examinations with respect to this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); see also Wood v. Derwinski, 1 Vet. App. 190, 193.

The issue of entitlement to a total disability rating due to service-connected disabilities (TDIU) prior to October 1, 2007 was also on appeal and remanded by the Board. However, in a November 2015, the AOJ awarded a TDIU, effective August 21, 2006, the date of award of service for the Veteran's bilateral hearing loss. As this award represents a full grant of the benefit sought on appeal, this matter is no longer before the Board. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking a rating in excess of 60 percent for his bilateral hearing loss. The Veteran's electronic record (Legacy Content Manager Documents) includes VA clinical records dated to December 2016. Importantly, an October 2016 audiology note shows that the Veteran underwent a hearing evaluation that day and the audiometric summary was available in CPRS Tools/Audiogram Display. Unfortunately, the results of this hearing test are not associated with the record and have not been considered by the AOJ. As this test is pertinent to the current appeal, and as VA medical records are constructively of record and must be obtained, the AOJ should obtain the October 2016 VA audiogram results as well as any up to date VA treatment records. See 38 C.F.R. § 3.159; Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain the October 2016 audiometric test results and well as any additional VA treatment records dated from December 2016. All reasonable attempts should be made to obtain such records. 

2. Readjudicate the appeal based on the entirety of the evidence, to specifically include the October 2016 audiometric test. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
L. M. BARNARD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).